**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 08-4331**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

WAYNE DOUGLAS WILSON,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Fox, Senior District Judge. (5:07-cr-00057-F-l)

———————

Submitted: March 25, 2009        Decided: April 24, 2009

———————

Before KING and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

William L. Davis, III, Lumberton, North Carolina, for Appellant. Anne Margaret Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Wayne Douglas Wilson was convicted after a jury trial of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006), and was sentenced to 96 months in prison. Wilson timely appealed.

Counsel for Wilson filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious grounds for appeal. Wilson was given an opportunity to file a pro se supplemental brief, but has not done so. Finding no reversible error, we affirm.

We have reviewed the record and conclude the district court did not err in denying trial counsel's motion for judgment of acquittal alleging insufficiency of the evidence. This court reviews de novo a district court's denial of a Fed. R. Crim. P. 29 motion. United States v. Alerre, 430 F.3d 681, 693 (4th Cir. 2005). In conducting such a review, the court must sustain a guilty verdict if, viewing the evidence in the light most favorable to the prosecution, the verdict is supported by substantial evidence. United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate . . . to support a conclusion of defendant's guilt beyond a reasonable doubt." United States v. Osborne, 514 F.3d 377, 385 (4th Cir.) (internal quotation marks and citation omitted), cert. denied,

2

128 S. Ct. 2525 (2008). In evaluating the sufficiency of the evidence, we do not review the credibility of the witnesses and assume that the jury resolved all contradictions in the testimony in favor of the Government. United States v. Brooks, 524 F.3d 549, 563 (4th Cir.), cert. denied, 129 S. Ct. 519 (2008).

To sustain a conviction for 18 U.S.C. § 922(g)(1), the Government must prove: "(1) the defendant previously had been convicted of a crime punishable by a term of imprisonment exceeding one year; (2) the defendant knowingly possessed, transported, shipped, or received, the firearm; and (3) the possession was in or affecting commerce, because the firearm had travelled in interstate or foreign commerce." United States v. Langley, 62 F.3d 602, 606 (4th Cir. 1995) (en banc). Here, the Government and counsel stipulated to the facts that Wilson had been previously convicted of a felony and that his right to possess a firearm had not been restored. Two officers testified that they observed Wilson with the firearm in his hand and Wilson also made a statement to police confirming that he had the gun. Finally, the requisite interstate commerce element of the offense was established by evidence the firearm and ammunition were manufactured in Ohio, Illinois, and Nebraska, and were recovered in North Carolina. Because the evidence of

3

Wilson's guilt was overwhelming, the district court did not err in denying the motion for judgment of acquittal.

Further, a review of the sentencing transcript and the presentence investigation ("PSR") report reveals no error in sentencing. When determining a sentence, the district court must calculate the appropriate advisory guidelines range and consider it in conjunction with the factors set forth in 18 U.S.C. § 3553(a) (2006). Gall v. United States, 128 S. Ct. 586, 596 (2007). Appellate review of a district court's imposition of a sentence, "whether inside, just outside, or significantly outside the [g]uidelines range," is for abuse of discretion. Id. at 591. Sentences within the applicable guidelines range may be presumed by the appellate court to be reasonable. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007).

The district court followed the necessary procedural steps in sentencing Wilson, appropriately treating the guidelines as advisory, properly calculating and considering the applicable guidelines range, and weighing the relevant § 3553(a) factors. The court adopted the PSR and found that, in light of Wilson's significant criminal history, a 96-month sentence was appropriate. Furthermore, Wilson's sentence, which is no greater than the applicable guidelines range and below the statutory maximum of ten years, 18 U.S.C. § 924(a)(2) (2006), may be presumed reasonable. Thus, we conclude that the district

4

court did not abuse its discretion in imposing the chosen sentence.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Wilson, in writing, of the right to petition the Supreme Court of the United States for further review. If Wilson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Wilson.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>